CECIL GRAIN, INC. *v.* GILLEN OIL
COMPANY ET AL.

(No. CI-81-245—Decided
April 12, 1982.)

Court of Common Pleas of
Paulding County.

*Cook & Hyman* and *Norman E.
Cook,* for plaintiff.

*Weaner, Hutchinson, Zimmerman
& Bacon* and *John W. Weaner,* for
defendants.

HITCHCOCK, J. Plaintiff-appellee
Cecil Grain, Inc. (plaintiff), by motion
filed herein on April 2, 1982, asks the
court to overrule the motion of defen-
dants-appellants Gillen Oil Company et
al. (defendants) to extend time for
transmitting the record, for failure to
file any transcript of proceedings within
forty days after their notice of appeal
was filed and/or for failure to comply
with Local Rule 4 of the court of ap-
peals. Plaintiff's motion is sustained for
reasons which follow.

On January 21, 1982, after trial to
the court, judgment was entered that
plaintiff recover of defendants the sum
of $7,333.05 and its costs; and on
February 9, 1982 defendants filed a
notice of appeal from this judgment.
Defendants also filed a document on
February 9 titled, "STATEMENT AND
PRAECIPE (Complete Transcript)."
This notified plaintiff that defendants in-
tended to include in the record a com-
plete transcript of the trial proceedings
and instructed the clerk of courts for
this county to:

"Immediately prepare and assemble
the original papers and exhibits thereto
filed in the Court and a certified copy of
the docket and journal entries. As a
complete transcript of proceedings (as
above) will be included by the Appellant
as part of the record to portray the
assignments of error, do not transmit
these documents to the Clerk of the
Court of Appeals of this County for file
in Case Number 11-82-1 in that Court
until the complete transcript of the pro-
ceedings (as above) has been delivered to
you by the undersigned. At that time
you will transmit the documents pre-
pared and assembled by you and the
complete transcript of proceedings
delivered to you by the undersigned to
the Clerk of the Court of Appeals for file
as the record on appeal. In the event
that the undersigned does not furnish
you with the complete transcript of pro-
ceedings within forty (40) days after the
filing of the notice of appeal, or within
any proper extension of the time for
transmission of the record, as pre-
scribed by the Appellate Rules or by the
Local Appellate Rules, then upon such
fortieth day or upon the last day of any
proper extension of the time for trans-
mission of the record, you shall transmit
the documents prepared and assembled
by you to the Clerk of the Court of Ap-
peals, without such transcript of pro-
ceedings, for file as the record on ap-
peal."

On February 21, 1982, a Notice of

Filing of Record was mailed to the court of appeals in Lima. A Transcript of Docket and Journal Entries was filed in the office of the clerk of courts on March 21, 1982 to await direction from the court of appeals. On March 29, 1982, the clerk of courts received a letter dated March 26, 1982 from appellants' counsel stating that a "Motion to Extend Time for Transmitting Records" of proceedings in this case was enclosed. The body of this letter reads:

"Enclosed is a Motion to Extend Time for Transmitting Records of proceedings in the above case. As the motion states, the extension is necessary due to the fact that Mr. Riggenbach will not return to work until May of 1982. We are informed by the Van Wert County Court House that no one is substituting for Dick and it is impossible to have a transcript until he returns.

"We appreciate your forwarding this to the Court of Appeals and if there are any further questions, please call."

On March 29, 1982, the clerk of courts filed the motion described in the cover letter in the court of appeals folder under CA #11-82-1 and file-stamped the document as follows:

"FILED IN
"COURT OF APPEALS
"PAULDING COUNTY, OHIO
"Time _____ M
"Mar. 29, 1982,"

despite said motion bearing the caption, "IN THE COURT OF COMMON PLEAS OF PAULDING COUNTY, OHIO Case No. CI-81-245."

Said motion contains this language:

"1. Notice of Appeal to the Court of Appeals, Paulding County, Ohio, Third Appellate District, was filed in this action by Defendant on February 9, 1982.

"2. On February 16, 1982, counsel for defendant, personally checked with the Clerk of Courts of Paulding County, Ohio, to insure that no additional costs were needed and that the preparation of transcript and records was proceeding properly. He was assured that everything was fine and that the matter was progressing on schedule.

"3. On March 23, 1982, defendant's counsel contacted the official court reporter's, Richard Riggenbach, office, in Van Wert County Court House, Van Wert, Ohio, and was informed that Mr. Riggenbach had open heart surgery right after the trial of this case and was presently recuperating in the State of Florida. Mr. Riggenbach will not return to his office until some time in May of 1982.

"4. The official trial reporter has been unable to complete the preparation of this transcript and will be unable to complete it within a period of forty (40) days from the date of filing of the Notice of Appeal for the reason that his health will not permit him to work until May of 1982.

"WHEREFORE, Defendant-Appellant moves the Court for an order extending the time within which the record on appeal may be transmitted to the Court of Appeals to a reasonable period of time or thirty (30) days after Mr. Riggenbach returns to work."

This motion was then transmitted to the court of appeals in Lima and that court on April 1, 1982 caused to be filed with the clerk of courts for this county under CA #11-82-1 minutes for notice to counsel stating, "SUA SPONTE MOTION STRICKEN. SEE JOURNAL ENTRY."

In the court of appeals under CA #11-82-1 a journal entry signed by all the judges was filed on April 1, 1982, reading:

"This matter comes before the court sua sponte. The court finds that a motion entitled 'Motion to extend time for transmitting record' but captioned in the Common Pleas Court of Paulding County was erroneously filed in this court, and it appearing that said motion was, if intended for filing in this court,

untimely, it is ORDERED that said motion be, and the same hereby is, stricken from the file.

"Exceptions saved."

Upon consideration, this court concludes that it must find the motion of plaintiff well-taken and overrule appellants' "Motion to Extend Time for Transmitting Records."

App. R. 9(B) provides in part:

"At the time of filing the notice of appeal the appellant *shall in writing order from the reporter a complete* transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record and shall file a copy of said order with the clerk." (Emphasis added.)

This rule provision has been in effect since July 1, 1977. See 50 Ohio App. 2d xix-xx. The court, however, can find nothing in the file showing compliance with this rule.

Moreover, App. R. 10(C), in pertinent part reads:

"Except as may be otherwise provided by local rule adopted by the Court of Appeals pursuant to Rule 30 [*sic*], the trial court for cause shown set forth in the order may extend the time for transmitting the record. The clerk shall certify the order of extension to the Court of Appeals. A request for extension to the trial court and a ruling by the trial court *must be made within the time originally prescribed or within an extension previously granted.* If the trial court is without authority to grant the relief sought, by operation of this rule or local rule, or has denied a request therefor, the court of appeals may on motion for cause shown extend the time for transmitting the record or may permit the record to be transmitted and filed after the expiration of the time allowed or fixed. * * *" (Emphasis added.) 50 Ohio App. 2d *xxii.*

Further, Rule 10(A) imposes clear duties in respect to transmission of the record, to wit:

"The record on appeal, including the transcripts and exhibits necessary for the determination of the appeal, shall be transmitted to the clerk of the court of appeals when the record is complete for the purposes of appeal, or when forty days * * * have elapsed after the filing of the notice of appeal and no order extending time has been granted under subdivision (C). After filing the notice of appeal the appellant shall comply with the provisions of Rule 9(B) and shall take any other action necessary to enable the clerk to assemble and transmit the record. * * *"

Even if the court were to treat the "Motion to Extend Time for Transmitting Records" as timely filed with the clerk of courts but bearing by mistake the file stamp of the court of appeals rather than that of the common pleas court, it is certain that by said date there was no "ruling by the trial court * * * within the time originally prescribed [forty days] or within an[y] extension previously granted," as Rule 10(C) requires. Should this court treat the cover letter which transmitted instant motion to the clerk of courts as instructions to her it surely is difficult to divine from it whether the motion is to be presented to the court of appeals or this court for action.

Effective September 1, 1977, the Court of Appeals for the Third Appellate District, in which Paulding County is located, adopted local rules as authorized by App. R. 31. Among these local rules is the following:

## "RULE 4
## "EXTENSIONS OF TIME FOR FILING THE RECORD

"The trial court shall closely limit its extensions of time for transmissions of the record (Appellate Rule 10(C)), shall overrule any motion for an extension of time where good cause is not set forth and shown, shall set forth the cause for the extension in its journal entry sus-

taining the motion for an extension, and in no event may extend such time beyond the eightieth day after the filing of the notice of appeal. Motions for extensions of time beyond the eightieth day may be made only to this court and must be filed before the expiration of the last extension granted by the trial court. When the extension is needed by reason of a claimed inability of the court reporter to supply a necessary part of the record, motions for an extension of the time filed with the trial court or with this court must be accompanied by an affidavit of the court reporter as to the circumstances relied on as justifying the extension."

As Richard W. Riggenbach who reported this case is an officially employed reporter of both the county of Van Wert and of this county, this court is most reliably informed that in January he, at Parkview Hospital in Ft. Wayne, Indiana had open heart triple bypass surgery, that by March 1 he was able to go to Florida for a period of convalescent recovery, and that he is not expected to return until the middle of this month. Consequently, the court doubts not that good cause existed for the maximum amount of time provided by the Rules of Appellate Procedure. Still, this ground was never timely presented to the trial court, not being within the rule extending the time if made within the forty days plus one herein provided (the fortieth day, March 21, fell upon a Sunday).

By reason of Local Rule 4 of the court of appeals for this court, requiring that "it shall closely limit its extension of time for transmissions of the record," it is now unable to authorize any extension of time for the filing and transmission of a transcript of the evidence and other trial proceedings requested by defendants.

*Motion of plaintiff sustained.*